Sukhwinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71878.

Agency No. A73–400–167.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 2005.*

Decided Oct. 19, 2005.

Vinay R. Chari, Esq., Law Office of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; and OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Sukhwinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. Singh's testimony regarding material events was vague, lacked sufficient detail, and, in several instances, was inconsistent or implausible. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). Singh's testimony about the location of his passport, his knowledge of his parents' whereabouts, and the details of his hospital stay, hospital release, and hospital records lacked consistency and specificity. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 815 (9th Cir.2005). The adverse credibility determination is also supported by Singh's failure to pro-duce evidence corroborating his claim. *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 938 (9th Cir.2005).

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir. 2005). Singh has also failed to meet the standard for CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 745–46 (9th Cir.2004), Singh's motion for stay of removal is construed to include a timely request for stay of voluntary departure. This stay will expire upon the issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.