**Huifang HUO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73963.

Agency No. A96–054–795.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Danning Jiang, Esq., Law Offices of Danning Jiang, San Jose, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, William L. Woodard, Office of the U.S. Attorney, Detroit, MI, for Respondent.

Before T.G. NELSON, TALLMAN and BEA, Circuit Judges.

MEMORANDUM **

Huifang Huo, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), we deny the petition for review.

■ The IJ's adverse credibility finding is supported by substantial evidence. Huo's hearing testimony concerning the circumstances of her October 2000 arrest for practicing Falun Gong was completely inconsistent with the account of that arrest contained in her asylum application. The IJ found that Huo's arrest was "the key single event" behind her claim, and that finding is supported by the record. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir. 2000) (upholding adverse credibility determination because of inconsistencies between applicant's documentary evidence and her hearing testimony concerning "[t]he single event of persecution" that she alleged). In the absence of credible testimony, Huo failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Huo did not raise her request for relief under the CAT in her brief to this Court, and has therefore waived this issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("[A]n issue referred to in the appellant's statement of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the case but not discussed in the body of the opening brief is deemed waived.").

PETITION FOR REVIEW DENIED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.