**Binder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72231.**

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2005.*

Decided Oct. 26, 2005.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Thomas A. Mariani, Jr., Esq., U.S. Department of Justice Environment & Natural Resources Div., Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Binder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. Singh's testimony regarding material events was vague, lacked sufficient detail, and, in several instances, was inconsistent or implausible. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). As one example, Singh's testimony about his residence within India for a six year period was contradicted by evidence of his residence on his passport and his asylum application. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 815 (9th Cir.2005). The adverse credibility determination is also supported by Singh's failure to produce timely, authenticated documentary or background evidence corroborating his claims of past persecution for his imputed political opinion. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir. 2005). Singh has also failed to meet the standard for CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 745–46 (9th Cir.2004), Singh's motion for stay of removal is construed to include a timely request for stay of voluntary de-

parture. This stay will expire upon the issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.