**Sital KUMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72674.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 17, 2006.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

John Ashcroft, Attorney General, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, pro se.

Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Sital Kumar, a native and citizen of India, petitions for review of the Board of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the credibility determination of the IJ for substantial evidence, *see Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. Kumar admitted to providing false information to officials during his entry interview and in his asylum application. The IJ also relied on numerous additional inconsistencies, omissions, and implausibilities in Kumar's testimony. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005); *see also Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Kumar did not establish eligibility for asylum, it follows that he also did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). As Kumar failed to demonstrate that it was more likely than not that he would be tortured if returned to India, the IJ's denial of relief under the Convention Against Torture was also proper. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

The IJ's discretionary decision to deny voluntary departure is not subject to judicial review. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004) (order).

**PETITION DENIED.**