Carmela Concepcion **VILLALOBOS,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–72928.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Carmela Concepcion Villalobos, Novato, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, R. Lynne Harris, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Carmela Concepcion Villalobos, a native and citizen of Guatemala, petitions pro se for review of a Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order pretermitting her application for asylum, and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's denial of Villalobos's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005) (no jurisdiction to review agency determination that asylum application was not filed within one year after the last entry into the United States and no "changed circumstances" excused late filing).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the BIA's determination that Villalobos failed to establish eligibility for withholding of removal because she failed to show a clear probability she would be persecuted by the Guatemalan military if she were return to Guatemala, or that the persecution she fears would be on account of a protected ground. *See Lim v. INS*, 224 F.3d 929, 938 (9th Cir.2000).

Villalobos also failed to establish eligibility for CAT relief because she failed to show that it is more likely than not that she would be tortured if she were to return to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**