Changsheng LI, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73314.

Agency No. A95–316–181.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.[*]

Decided March 16, 2006.

Manfred Schroer, Esq., Law Offices of Manfred Schroer, Grand Terrace, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Department of

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. Blackstone, Esq., USSE - Office of the U.S., Attorney, Seattle, WA, for Respondent.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Changsheng Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") decision pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kasnecovic v. Gonzales*, 400 F.3d 812, 813 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's denial of Li's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005) (no jurisdiction to review agency determination that asylum application was not filed within one year after the last entry into the United States and no "changed circumstances" excused late filing).

Substantial evidence supports the IJ's determination that Li failed to satisfy his burden of establishing eligibility for withholding removal, because the incidents Li witnessed in China, and his subsequent

involvement with the police, do not rise to the level of persecution on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (noting that persecution is an "extreme concept," usually requiring physical violence, and witnessing violence is not enough). Further, Li's fear of future persecution is undermined by the fact that he was able to return to China twice without incident. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001) (an applicant's claim of persecution upon return is weakened when the applicant has returned to the country without incident). Accordingly, the BIA did not err in denying Li's claim for withholding of removal. *See id.* at 817.

Because Li failed to challenge the BIA's denial of CAT relief or the BIA's denial of his motions to remand, those issues are waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.