Jose Orlando RIVAS GARCIA,
Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71017.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Jose Orlando Rivas Garcia, Oakland, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David Dauenheimer, U.S. Department of Justice Civil Division/Torts Branch, Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Jose Orlando Rivas Garcia, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. We have jurisdic-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's findings of fact, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), and review de novo constitutional claims, *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the IJ's finding that Rivas Garcia's testimony was inconsistent with his earlier asylum interview and application, and therefore lacked credibility. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997) (an adverse credibility finding is supported by the record where discrepancies that go to the heart of a petitioner's claim are present and no satisfactory explanation has been provided).

Because Rivas Garcia did not establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Rivas Garcia's contention that the BIA erred in failing to properly consider the evidence lacks merit because the BIA is entitled to the presumption that it considered all relevant evidence in reaching its conclusion, absent any evidence to the contrary. *See Larita–Martinez,* 220 F.3d 1092, 1095–96 (9th Cir.2000). To the extent Rivas Garcia contends that the BIA erred in streamlining his case, his contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**