**Gurdip SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76191.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2005.*

Decided May 1, 2006.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Gurdip Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. Singh's testimony regarding material events was, in several instances, inconsistent or implausible. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999). For example, Singh testified that on the day before his first arrest, he attended a religious ceremony in a temple. Singh was unable to explain why a newspaper article described the ceremony in another location. Singh's application stated that after his third arrest, he refused to tell the police anything. He testified, however, that he told the police that his cousin had left the country. Singh was unable to explain this inconsistency. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 815 (9th Cir. 2005).

The adverse credibility determination is also supported by Singh's failure to produce evidence to corroborate his claim. *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir.2005). The IJ did not abuse her discretion in denying Singh's motion to continue to allow additional time to secure corroborating evidence. Singh was represented by counsel for a year and was unable to explain adequately why he could not secure any documents for identification, including a birth certificate or school certificate. Singh's one corroborating document, an affidavit from Singh's village sarpanch, contained inconsistences, including the statement that Singh was a member of a political party. Singh testified that he was not a member of any political party.

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Singh has also failed to meet the standard for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION FOR REVIEW DENIED.