Juana **SANTOS–QUINTEROS,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–73633.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Juana Santos-Quinteros, Los Angeles, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Juana Santos–Quinteros, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have juris-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

diction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual determinations, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), and review de novo due process claims, *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the IJ's determination that Santos–Quinteros failed to establish eligibility for asylum because witnessing a gang-related murder does not constitute persecution on account of a statutorily protected ground. *See Navas v. INS,* 217 F.3d 646, 658 (9th Cir.2000), (noting that the incident must rise to the level of persecution, and must be "on account of" a protected ground). Santos–Quinteros's fear of future persecution is further undermined by her testimony that her aunt, who witnessed the same incident, continues to reside in the same home in El Salvador without incident. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001) ("An applicant's claim of persecution upon return is ... undercut, when similarly-situated family members continue to live in the country without incident ...").

Because Santos–Quinteros failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Substantial evidence also supports the IJ's determination that Santos–Quinteros was ineligible for relief under the CAT because she failed to establish that it is more likely than not that she would be tortured with acquiescence of the government upon her return to El Salvador. *See* 8 C.F.R. § 208.16(c)(2); *Zheng v. Ashcroft,* 332 F.3d 1186, 1194–95 (9th Cir.2003).

We reject Santos–Quinteros's contention that the IJ and BIA did not consider the entire administrative record because she offers no basis for rebutting the presumption that the agency reviewed all relevant evidence. *See Larita–Martinez,* 220 F.3d 1092, 1095–96 (9th Cir.2000).

To the extent Santos–Quinteros contends that the BIA erred in streamlining her case, her contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**