**Satwinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73905.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Decided June 19, 2006.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Lee Quinn, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,** Senior Judge.

MEMORANDUM ***

Satwinder Kaur, a native and citizen of India, petitions for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the denial of her application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture (CAT), 23 I.L.M. 1027, 1028 (1984) (as implemented by 8 C.F.R. § 208.16). As this is a streamlined case, we review the decision of the immigration judge (IJ). *Fajardo v. INS*, 300 F.3d 1018, 1019 n. 1 (9th Cir.2002). We deny the petition in part and dismiss it in part.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We may reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS*, 79 F.3d 912, 914 (9th Cir.1996).

Kaur argues that the IJ erred in finding that her asylum application was time-barred. *See* 8 U.S.C. § 1158(a)(2)(B); *see also* 8 C.F.R. § 208.4(a)(2). We dismiss this contention for lack jurisdiction. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

Kaur also challenges the IJ's adverse credibility determination, as well as the denial of her requests for withholding of removal and CAT relief. The IJ's adverse credibility determination was based on specific, cogent reasons. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). Kaur does not dispute that she told inconsistent stories about the reason she needed to be hospitalized after her arrest—which goes to the heart of her claim—or that she gave nonresponsive answers as to why she and four others were targeted for arrest to prevent them from attending a rally at which a hundred thousand people were expected. *See Singh v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*Ashcroft,* 301 F.3d 1109, 1114 (9th Cir. 2002). These findings alone provide sufficient support for the IJ's adverse credibility determination. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152 (9th Cir.1999) ("Taken together, the inconsistencies to which the IJ points are sufficiently material to permit her to question [Kaur's] credibility.").

Without credible testimony, there was no basis upon which to find that Kaur carried her burden of showing that it is more likely than not that she will be persecuted or tortured, were she returned to India. *Hakeem,* 273 F.3d at 816. Accordingly, she has not shown that she is entitled either to withholding of removal, or to CAT relief. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 815 (9th Cir.2005).

PETITION DISMISSED IN PART and DENIED IN PART.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.