**Benito PABLO–ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74098.

United States Court of Appeals, Ninth Circuit.

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Submitted June 12, 2006.*

Filed June 21, 2006.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Victor M. Lawrence, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Philip Giordano, Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM **

Benito Pablo–Ortiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's denial of Pablo–Ortiz's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005) (holding that this court lacks jurisdiction to review the agency determination that asylum application was not filed within one year after the last entry into the United States and no "changed circumstances" excused late filing).

Substantial evidence supports the BIA's determination that Pablo–Ortiz failed to establish eligibility for withholding of removal because he conceded that he was never personally targeted or threatened in any way by the people he believes harmed his uncle and may have caused the disappearance of his father. Thus, Pablo–Ortiz failed to show a "clear probability" that if he were to return to Guatemala he would be persecuted by guerillas, or any other individuals the government is unable or unwilling to control. *Lim v. INS,* 224 F.3d 929, 938 (9th Cir.2000).

Pablo–Ortiz also failed to establish eligibility for CAT relief because he failed to show that it is more likely than not that he would be tortured if he were to return to Guatemala. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.