**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FERIDA KASNECOVIC,

*Petitioner,*

v.

ALBERTO GONZALES,* Attorney General,

*Respondent.*

No. 03-70775

Agency No.
A76-667-668

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 8, 2004—San Francisco

Filed March 11, 2005

Before: Betty B. Fletcher, Edward Leavy, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Leavy

---

*Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

## COUNSEL

Robert B. Jobe and Nicole Simon, Law Office of Robert B. Jobe, San Francisco, California, for the petitioner.

John S. Hogan, United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C., for the respondent.

## OPINION

LEAVY, Circuit Judge:

Ferida Kasnecovic, a native and citizen of Yugoslavia, petitions for review of a final order of the Board of Immigration Appeals (BIA) denying her applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). An Immigration Judge (IJ) found that Kasnecovic's asylum application was untimely and that Kasnecovic did not establish extraordinary circumstances to excuse that untimeliness. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (2000). As an alternative finding, the IJ denied Kasnecovic's asylum claim on the merits, based on an adverse credibility determination. Finally, the IJ denied Kasnecovic's petitions for withholding of removal and CAT relief.

We have jurisdiction over the petition under 8 U.S.C. § 1252(a)(1). Because substantial evidence supports the IJ's adverse credibility determination, we deny the petition as to the withholding of removal and CAT claims and dismiss the petition as to the asylum claim.

### STANDARD OF REVIEW

We review the BIA's decision to determine whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citation omitted). Where the BIA affirms an IJ's order without opinion, we review the IJ's order as the final agency action. *Kebede v. Ashcroft*, 366 F.3d 808, 809 (9th Cir. 2004). Factual findings underlying the IJ's order

are reviewed for substantial evidence. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004).

## FACTS AND PRIOR PROCEEDINGS

Kasnecovic entered the United States on December 22, 1998. At the time of entry she told the Immigration and Naturalization Service (INS)[1] interviewer that she was born in Montenegro, Yugoslavia, and gave a specific location, including a zip code equivalent, as her permanent residence in Montenegro. She also told the interviewer that she had two relatives in the United States, an aunt, Osman Kalivori, who lived in Staten Island, New York, and a sister, Dija Kasnecovic, living in Queens, New York.

In December 1999, Kasnecovic applied for Temporary Protected Status (TPS), stating that she was born in Kosovo, Yugoslavia, and was a national of Kosovo Province. The INS denied the application because Kasnecovic failed to establish that she was a national of Kosovo Province, Yugoslavia.

Kasnecovic applied for asylum and withholding of removal on April 20, 2000, sixteen months after she entered the United States. In her original application, she stated that she was born in Kosovo and resided there. She claimed she had suffered past persecution in Kosovo as an ethnic Albanian. In her amended application, filed after her application for TPS status was denied, Kasnecovic stated she was born in Montenegro, Yugoslavia, but had lived in Kosovo since she was five. She then submitted her birth certificate, which had been issued in January 1999 (less than a month after she entered the United States) and which showed that she was born in Bar, Montenegro. When asked why she had not earlier submitted the birth

---

[1]The INS was abolished March 1, 2003, and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. 107-296, § 471, 116 Stat. 2135, 2204-05; 6 U.S.C.A. § 542 note (West Supp. 2004).

certificate, she explained that the person who had retrieved it had forgotten to mail it to her. She also stated that she had no relatives in the United States, and that Osman Kalivori was not a relative, but a person she had met in New York, who had helped her and provided a place to stay.

The IJ found that Kasnecovic's asylum application was untimely and that Kasnecovic had not established extraordinary circumstances to excuse that untimeliness. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (2000).

Alternatively, the IJ denied Kasnecovic's asylum claim on the merits based on an adverse credibility finding. The IJ found that Kasnecovic's testimony regarding her nationality was material and inconsistent and that her explanation for the timing of her submission of her birth certificate was insufficient. Based on the adverse credibility finding, the IJ denied Kasnecovic's application for withholding of removal. The IJ also found that there was no credible or competent evidence that it was more likely than not that Kasnecovic "would be subject to torture within Montenegro or Kosovo should she be returned" and denied relief under CAT. Kasnecovic appealed, and the BIA summarily affirmed without opinion pursuant to its streamlining regulations. *See* 8 C.F.R. § 1003.1(e)(4) (2004).

## ANALYSIS

**[1]** The IJ rejected Kasnecovic's asylum claim on alternative grounds — one we have jurisdiction to review (adverse credibility) and the other we do not (untimeliness). *See* 8 U.S.C. §§ 1158(a)(2)(B),(D), 1158(a)(3), & 1252(a)(2)(B)(ii). Because the BIA summarily affirmed without opinion, we face a situation similar to that considered by this court in *Lanza v. Ashcroft*, 389 F.3d 917 (9th Cir. 2004). There the IJ also denied the asylum application on alternate grounds, one of which we had jurisdiction to review (the merits) and the other unreviewable (untimeliness), and the BIA summarily

affirmed. We stated "[d]ue process requires us to either review the merits of [petitioner's] asylum application or remand to the BIA for clarification of the grounds for its decision." *Id.* at 919. Because of the general presumption against federal jurisdiction, we remanded for clarification of the grounds for denial of the asylum application. *Id.* at 932.

Lanza also sought review of the denial of her claims for withholding of removal and CAT relief. We reached the merits of these claims because the BIA's affirmance without opinion did not "impact our ability to review" the claims. *Id.*

**[2]** Were there no difference between the proceedings in *Lanza* and those in the present appeal, we would remand the asylum claim to the BIA for clarification. However, the posture of this appeal differs from *Lanza* in one significant respect. Here, we must review the merits of the IJ's adverse credibility determination during our review of the denial of Kasnecovic's withholding of removal and CAT claims, issues over which our jurisdiction is "clear." *Id.* Because, as Kasnecovic concedes, her eligibility for asylum "rests entirely on the issue of her credibility," we also necessarily decide the merits of her asylum claim in the course of deciding the withholding and CAT claims. As a consequence, in this appeal the jurisprudential considerations that weighed in favor of a remand to the BIA in *Lanza* do not apply. If the BIA on remand informed us that its decision regarding asylum rested on the timeliness ground we would lack jurisdiction over any further petition for review; if the BIA informed us that it rested on affirmance of the IJ's merits decision, we would have to deny any petition for review, as we have already decided the only pertinent merits question.

**[3]** Substantial evidence supports the IJ's adverse credibility determination. Kasnecovic's statements regarding her nationality and residence in her interviews, TPS application, asylum applications and testimony before the IJ were inconsistent and material. Her explanation for these inconsistencies

was inadequate. In addition, her testimony regarding her relatives or lack of relatives in the United States was conflicting. Kasnecovic's latter testimony regarding Kalivori cannot be reconciled with her reference to Kalivori at the time of her entry in California, before she had a chance to meet someone in New York City. These substantial inconsistencies provide adequate support for the IJ's negative credibility finding. *See e.g.*, *de Leon-Barrios v. INS*, 116 F.3d 391, 393-94 (9th Cir. 1997).

**[4]** The discrepancies regarding her nationality and residence go to the heart of Kasnecovic's withholding of removal claim, while the changes in her reports regarding relatives suggest that the relatives' identity could have disproved her testimony as to nationality and residence. Substantial evidence therefore supports the IJ's denial of the claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**[5]** Kasnecovic is also not entitled to CAT relief because she did not present credible evidence that it is more likely than not that she would be tortured if returned to Yugoslavia. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). Moreover, the background information submitted on Kosovo, Yugoslavia, shows that it is now under United Nations control.

**[6]** Based on our determination regarding Kasnecovic's lack of credibility, we dismiss the asylum claim. Because we would deny review on both the timeliness and merits grounds, remand to the BIA for clarification is unnecessary. PETITION FOR REVIEW DENIED in part, DISMISSED in part.