Ofelia **FLORES–GALVAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 02–72857.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.*

Decided Sept. 28, 2005.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Ofelia Flores Galvan (Flores) petitions for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum and withholding of removal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

based on an adverse credibility determination. We deny the petition for review.

## DISCUSSION

Flores was required to establish her eligibility for asylum by demonstrating a well-founded fear of political persecution. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir.2005). She needed to show a clear probability of such persecution to obtain withholding of removal. *Id.* We agree with the IJ that Flores failed to meet these burdens.

The record indicates Flores' testimony was internally inconsistent and her claim of political persecution was contradicted by other evidence. Such inconsistencies support an adverse credibility finding. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 815 (9th Cir.2005). Moreover, the inconsistencies here "go to the heart of petitioner's claim" and constitute "specific, cogent reasons to support [the IJ's] determination." *Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004) (quotation omitted).

Finally, Flores' request for Convention Against Torture relief is barred because she did not raise it before the IJ and the BIA. *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1187 n. 1 (9th Cir.2005) (noting exhaustion requirement).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.