**Edwin Amilcar TISTA–HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72285.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Raul Gomez, Esq., Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Bruce A. Taylor, U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN and BEA, Circuit Judges.

MEMORANDUM **

Edwin Amilcar Tista–Hernandez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum.[1] Reviewing for substantial evidence, *see Kasnecovic v.*

---

1. Tista–Hernandez does not seek review of the denial of his claims for withholding of removal and relief under the Convention Against Torture.

*Gonzales,* 400 F.3d 812, 813 (9th Cir. 2005), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, which was adopted by the BIA. The IJ provided specific and cogent reasons for that determination, including Tista–Hernandez's inability to identify the guerrilla group that he allegedly had assisted on a weekly basis, and an inconsistency between his hearing testimony and his declaration concerning the identity of an organization that had allegedly abducted him. These reasons go to the heart of Tista–Hernandez's claims for relief, and therefore are sufficient to support the adverse credibility finding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding denial of asylum relief where IJ's credibility findings "went to key elements of the asylum application, including identity [and] membership in a persecuted group").

Tista–Hernandez further contends that the IJ erred by requiring corroborating evidence. We need not consider that contention, because the IJ found Tista–Hernandez not credible independent of any corroboration requirement.

**PETITION FOR REVIEW DENIED.**