**Paramjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75166.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Surjit Singh, Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Friedrich A.P. Siekert, U.S. Attorney's Office Assitant U.S. Attorney, Minneapolis, MN, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Paramjit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his applica-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tions for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, *see Kasnecovic v. Gonzales*, 400 F.3d 812, 813 (9th Cir.2005), we deny the petition for review.

Singh's contention that no adverse credibility finding was made is unavailing. The IJ expressly found Singh to be "an incredible witness." Because Singh does not challenge the IJ's adverse credibility determination on appeal, he has waived this issue. *See* Fed. R.App. P. 24(a)(9)(A); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

In the absence of credible testimony, Singh's application for withholding of removal also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Singh did not raise his request for relief under the CAT in his brief to this Court, and has therefore waived this issue. *See Martinez–Serrano*, 94 F.3d at 1259.

Singh's contention that streamlining was inappropriate is foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir.2004).

We lack jurisdiction to consider Singh's request that his case be remanded to the BIA so that he may apply for adjustment of status based on marriage. *See* 8 U.S.C. § 1252(b)(4)(A).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.