**Ricardas MURNIKOVAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71083.

Agency No. A77–153–979.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration And Naturalization Service Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ricardas Murnikovas, a native and citizen of Lithuania, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, see *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we dismiss in part and deny in part the petition for review.

As Murnikovas concedes, we lack jurisdiction to review the IJ's factual determination that Murnikovas failed to meet his burden of demonstrating by clear and convincing evidence that he filed his application for asylum within one year of his last entry into the United States. See 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1221 (9th Cir.2005) (we have jurisdiction to review determinations regarding the one-year asylum bar only "insofar as a petition for review raises constitutional claims or questions of law").[1]

Substantial evidence supports the IJ's determination that Munikovas failed to show persecution "on account of" a protected ground, including his membership in a particular social group, namely, persons who have publicly testified in trials against criminals and who were threatened for supporting the authorities. See *Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1576–77 (9th Cir.1986) (noting that broad, internally diverse demographic groups rarely constitute distinct social groups, even if members of such groups are at statistically greater risk than the general population); *see also Ochoa v. Gonzales,* 406 F.3d 1166,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Although the IJ denied asylum based on both the unreviewable one-year bar finding and an alternative, reviewable finding on the merits, remand is not necessary because we must reach the merits in reviewing Murnikovas's withholding claim. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 814–15 (9th Cir. 2005).

1171 (9th Cir.2005) (holding that Colombian business owners who refused demands by narco-traffickers to participate in illegal activity was too broad, and lacking in any unifying voluntary relationship or innate characteristic, to constitute a particular social group).

The Court lacks jurisdiction to consider Murnikovas's claim for relief under the CAT because Murnivokas failed to raise that claim before the BIA. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.