**Lorena Mayreling T. RIOS–MUNOZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71660.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Lorena Mayreling T. Rios–Munoz, Laguna Hills, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Esq., R. Lynne Harris, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Lorena Mayreling T. Rios–Munoz, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252(a)(1). Reviewing for substantial evidence, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's denial of Rios–Munoz's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005) (holding that the Court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the U.S. and does not satisfy the exception for "exceptional circumstances").

■ Taking Rios–Munoz's testimony as true, *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1048 (9th Cir.2005), substantial evidence supports the IJ's finding that she failed to establish eligibility for withholding of removal. Although Rios–Munoz undeniably suffered past abuse at the hands of the guerillas, her evidence does not compel a finding that it is more likely than not that she will be persecuted on account of a protected ground if she returned Guatemala. *See Hakeem v. INS*, 273 F.3d 812, 816–817 (9th Cir.2001). Furthermore, Rios–Munoz's fear of persecution is undermined by the fact that she remained in Guatemala for seven years without further incident. *See id.*

Rios–Munos also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured with the acquiescence of public officials if she returned to Guatemala. *See* 8 C.F.R. § 208.16(c)(2); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**