Ariel Virgilio **AREVALO**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–74637.

Agency No. A95–878–070.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided March 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James R. Patterson, Cooley Godward LLP, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Ariel Virgilio Arevalo, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to

8 U.S.C. § 1252. Reviewing for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, which was based on inconsistencies regarding issues that go the heart of Arevalo's claim that guerillas attempted to recruit him, including the date on which guerillas confronted Arevalo's family in 2000, whether Arevalo was present at the time, and what demands the guerillas made. *See id.* at 1043 (concluding that inconsistencies that "relate to the basis for [petitioner's] alleged fear of persecution" went to the heart of the claim) (internal quotation marks omitted).

Furthermore, the IJ reasonably rejected Arevalo's explanation given Arevalo's numerous opportunities to correct any errors in his written statement. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) (holding that where petitioner reviewed his prior applications with the aid of an interpreter and signed them under penalty of perjury, they were a reliable impeachment source). In the absence of credible testimony, Arevalo failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We reject Arevalo's contention that remand for clarification of the BIA's decision is necessary. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 814–15 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.