**Zhongying DAI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75536.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Zhongying Dai, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order pretermitting her application for asylum, and denying her application for

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's denial of Dai's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005) (no jurisdiction to review agency determination that asylum application was not filed within one year after the last entry into the United States and no "changed circumstances" excused late filing).

Substantial evidence supports the BIA's adverse credibility determination because the IJ had reason to question Dai's credibility with regard to her claim that she was imprisoned, interrogated, and beaten for one month for holding illegal religious meetings in her home, and Dai failed to produce documentary evidence to support her claim. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (where there is a basis for doubting an alien's credibility, the IJ can properly consider whether evidence in the record corroborates the claim). In the absence of credible testimony, Dai failed to meet her burden of demonstrating eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**