Jagir **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**,* Attorney General, Respondent.

No. 03–73453.

United States Court of Appeals, Ninth Circuit.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted April 4, 2006.**

Decided April 7, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Patricia A. Smith, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

1. We have jurisdiction to review Petitioner Jagir Singh's challenge to the adverse credibility finding, as his appeal directly challenged the Immigration Judge's (IJ) adverse credibility finding, and the BIA affirmed the IJ's adverse credibility findings. *Aguilera–Cota v. INS*, 914 F.2d 1375, 1383 n. 8 (9th Cir.1990); *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

2. Because the IJ's adverse credibility finding is supported by substantial evidence, Petitioner's challenge to denial of asylum and withholding of removal fails. *See Kaur v. Gonzales*, 418 F.3d 1061, 1068 (9th Cir.2005); *see also Kasnecovic v. Gonzales*, 400 F.3d 812, 815 (9th Cir.2005) (holding that when substantial evidence supports an adverse credibility finding, denial of withholding of removal is appropriate if the discrepancies also go to the heart of petitioner's withholding of removal claim.). The record provides substantial

evidence to support the IJ's conclusion that Singh's various accounts of how and where he obtained his passport and visa were contradictory; the issue goes to the heart of his asylum claim because it concerns whether he really had left his home for fear of persecution some time before leaving the country.

3. Substantial evidence also supports the BIA and IJ's denial of Singh's Convention Against Torture (CAT) claim because he failed to show it was more likely than not that he would be tortured if removed to India. *See Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir.2006); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) (denying CAT relief where the petitioner "merely restates facts that have already been deemed incredible.").

**PETITION DENIED.**

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.