Ashok Kumar **SALARIA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

No. 05–76127.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 18, 2007 *.

Filed March 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kuldip S. Dhariwal, Esq., Fremont, CA, Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Margaret M. Newell, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Ashok Kumar Salaria, a native and citizen of India, petitions for review from the summary affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ) finding him not credible, and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Because the BIA affirmed without opinion, we review the IJ's decision as the final agency action. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 813 (9th Cir.2005). We review the credibility determination for substantial evidence, reversing only if the evidence compels the conclusion that Salaria was credible. *See Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006).

■ We reject Salaria's argument that his case should be remanded to allow him to testify again. Although the transcript contains the word "indiscernible" in several places, Salaria does not identify any specific inaccuracies in the transcript, nor does he contend that the IJ misunderstood his testimony. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004).

■ There is substantial evidence to support the IJ's credibility finding. Salaria's statements at his asylum interview four months after he entered the United States were inconsistent with his testimony at the hearing. Salaria did not dispute that he made the statements at the asylum interview and provided no suggestion that the interview process was unreliable. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004). The IJ gave specific and cogent reasons for doubting Salaria's testimony about his knowledge of and adherence to the Nirankari faith. *See Singh v. Gonzales*, 439 F.3d at 1105. Salaria could not identify the president of the Nirankari organizing committee, contradicted himself on whether he participated in a ceremony when he joined the faith, had never attended a Nirankari congregation in the United States, and did not know that the leader of Nirankari was in his region of California in 2004. These reasons go to the heart of Salaria's claim of religious persecution. There is also substantial evidence to support the IJ's conclusion that it was implausible that, given the religious conflict between Sikhs and Hindus, the two religions would cooperate in persecuting Salaria, and that Salaria's unpaid loan to a Sikh elected official would continue to lead to Salaria's arrest a long while after Salaria had stopped asking for the money.

■ Because the IJ questioned the veracity of Salaria's testimony, Salaria's fail-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ure to corroborate his testimony with documentary evidence weighed against a favorable credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001); *Mejia–Paiz v. INS*, 111 F.3d 720, 723–24 (9th Cir.1997) (obtaining documentation of church membership is relatively uncomplicated and does not create undue evidentiary burden).

▇▇ In the absence of credible testimony, Salaria failed to establish eligibility for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003). Salaria is not entitled to CAT relief because he did not present credible evidence that it is more likely than not that he would be tortured if he returned to India. *See Kasnecovic*, 400 F.3d at 815.

PETITION FOR REVIEW DENIED.

