**Gurjit Singh UPPAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73542.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Sept. 6, 2007.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Carl D. Wasserman, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY and THOMAS, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Gurjit Singh Uppal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kasnecovic v. Gonzales*, 400 F.3d 812, 813 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

Because the relevant facts are in dispute, we lack jurisdiction to review the IJ's determination that Singh failed to file his asylum application within one year of entering the United States. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir.2007) (per curiam).[1]

Substantial evidence supports the denial of withholding of removal based on material inconsistencies among Uppal's testimony, documentary evidence and statements to an asylum officer, regarding matters including the extent of the injuries Uppal allegedly suffered while in police custody. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Because Uppal's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence to support this claim, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although the IJ denied asylum based on both the unreviewable one-year bar finding and an alternative, reviewable finding on the merits, remand is not necessary because we must reach the merits in reviewing Uppal's withholding claim. *See Kasnecovic*, 400 F.3d at 814–15.