**Gurpreet Singh GILL, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

Nos. 06–70729, 06–71709.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Jan. 22, 2008.

Tsz–Hai Huang, Rai & Associates, Pc, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James W. Beers, Jr., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Gurpreet Singh Gill, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of deportation, and protection under the Convention Against Torture (CAT).[1] We grant the petition.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms an Immigration Judge's (IJ) order without opinion, we review the IJ's decision. *Kasnecovic v. Gonzales*, 400 F.3d 812, 813 (9th

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

Cir.2005). Adverse credibility findings are reviewed under the substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Although the standard is deferential, the IJ must provide a specific, cogent reason for the adverse credibility finding. *Id.* Any relied on inconsistencies must go to the heart of the persecution claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

The IJ based her adverse credibility determination on the facts that Gill lied about his name on his asylum application and failed to reveal his true identity at the asylum office, and his statement, under cross examination, that he would lie in court in order to save his life.[2] The IJ's credibility determination is problematic.

First, the factors cited by the IJ do not go to the heart of Gill's asylum claim (i.e., whether he was actually persecuted on account of a protected ground). The mere fact that Gill lied about his name on his asylum application and interview are an insufficient basis for an adverse credibility determination. *See, e.g., Kaur v. Ashcroft,* 379 F.3d 876, 889 (9th Cir.2004). Second, although the IJ stated that she "cannot trust that the respondent testified credibly," she failed to cite specific testimony that she believed to be not credible. *See Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). Speculation about Gill's dishonesty, without more, cannot sustain the adverse credibility determination. *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

For the aforementioned reasons, we reverse the IJ's credibility determination

and remand this matter to the BIA to determine, accepting Gill's testimony as credible, whether Gill is otherwise eligible for asylum,[3] withholding of removal, and protection under CAT. *See Singh v. Ashcroft,* 362 F.3d 1164, 1172 (9th Cir.2004).

**PETITION GRANTED AND REMANDED.**

---

2. In response to the question, "So if you thought that it would keep you in the United States and make you not have to go back to India, would you lie here also?", Gill responded, "Yes in order to save my life."

3. Although the IJ stated that she would deny asylum as a matter of discretion, her denial

was based on inappropriate factors. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1138 (9th Cir.2004).

