**JIANMIAN SI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70553.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 14, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joseph S. Porta, Esq., Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security San Francisco, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Amy K. Olson, Esq., Office of International Affairs Crim. Division, Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Petitioner Jianmian Si, a native and citizen of China, appeals from the Board of Immigration Appeals' (BIA) denial of his appeal from the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The IJ found Si's testimony not credible and his petition for asylum untimely. The untimeliness determination was based on the IJ's conclusion that Si had not testified truthfully. We have jurisdiction to review the credibility determination under 8 U.S.C. § 1252(a)(1), and we affirm if substantial evidence supports the IJ's decision. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194–95 (9th Cir.2004).

Si claimed he fled China because he was persecuted and arrested for his membership in an underground house church. The IJ found Si's testimony regarding his weekly check-ins following his arrest particularly difficult to believe. He claimed that he reported on Mondays as required, and then he testified that the police picked him up when he failed to report. When he was pressed on this issue, he retreated to his story that he reported each week. The IJ also determined from his observation of Si's demeanor that Si was not testifying from personal memory. The IJ further found that it strained credibility that Si had suffered persecution at the hands of Chinese government officials, given that Si received a Chinese national identification card after he fled to the United States. These findings provide substantial evidence to support the IJ's adverse credibility determination. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 813 (9th Cir.2005). As his testimony was not credible, there was a basis in the record upon which the IJ could have concluded that Si's application was untimely. We have no jurisdiction to review that conclusion. *See* 8 U.S.C. § 1158(a)(2)–(3). We therefore dismiss his asylum application. Based on the adverse credibility determination, we also deny the petitions for withholding of removal and protection under CAT. *See Kohli v. Gonzales*, 473 F.3d 1061, 1070–71 (9th Cir. 2007).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DISMISSED AND DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.