Margaret **HAKOPIAN**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–72532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2008.

Filed Nov. 19, 2008.

See also 551 F.3d 843, amending and superseding —— F.3d ——, 2008 WL 4925059.

Evangeline G. Abriel, Director, Legal Analysis, Research, and Writing, Santa Clara University School of Law, Santa Clara, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Brooke Maurer, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

* The Honorable John W. Sedwick, Chief Judge, United States District Court for the District of Alaska, sitting by designation.
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: GOULD and BEA, Circuit Judges, and SEDWICK,* District Judge.

## MEMORANDUM **

Margaret Hakopian, a native and citizen of Iran, petitions for review of a Board of Immigration Appeals ("BIA") order adopting and affirming an Immigration Judge's ("IJ") decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Hakopian claims she will be persecuted and tortured if removed to Iran because she is an evangelical Christian. The IJ did not err in denying Hakopian's applications for relief, and we therefore deny her petition for review.[1]

█ The IJ's adverse credibility finding is supported by substantial evidence. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005). Hakopian's asylum application, where she described only two incidents of persecution by government agents, conflicted with her oral testimony, where she described an additional incident. This discrepancy goes to the heart of Hakopian's claim for asylum, which claim is based on a fear of persecution. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir. 2005). The IJ gave Hakopian an opportunity to explain this inconsistency, and the IJ addressed Hakopian's explanation in a "reasoned manner," noting her inability to explain the discrepancy. *See Osorio v. INS,* 99 F.3d 928, 933 (9th Cir.1996).

1. In an opinion filed accompanying this memorandum disposition, we held the IJ erred in finding Hakopian's application for asylum time-barred.

■ The IJ's denials of Hakopian's claims for withholding of removal and CAT relief are also supported by substantial evidence. *See Kasnecovic,* 400 F.3d at 813. The State Department Country Condition Reports on which Hakopian relied demonstrate neither that "it is more likely than not that she would be subject to persecution based on" her religion nor that "it is more likely than not that [she] would be tortured if removed to" Iran. *Kohli v. Gonzales,* 473 F.3d 1061, 1070 (9th Cir. 2007). Therefore, we deny Hakopian's petition for review.

**DENIED.**