**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SHAHIN SHAHLAPOUR-ANISI,** | No. 06-70286 |
| Petitioner, | |
| v. | Agency No. A024-733-410 |
| **ERIC H. HOLDER Jr., Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2010
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **RAWLINSON**, Circuit Judge, and
**MARBLEY**, District Judge.[**]

The IJ found numerous inconsistencies in Shahlapour-Anisi's oral testimony

that "go to the heart of [her] asylum claim," Singh v. Ashcroft, 301 F.3d 1109,

1111 (9th Cir. 2002) (quoting Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

2001)), and "provide adequate support for the IJ's negative credibility finding,"

Kasnecovic v. Gonzalez, 400 F.3d 812, 815 (9th Cir. 2005). We therefore "defer

to the IJ's . . . findings and uphold the denial of asylum relief." Farah v. Ashcroft,

348 F.3d 1153, 1156 (9th Cir. 2003).

We also deny Shahlapour-Anisi's application for withholding of removal

because "[a] failure to satisfy the lower standard of proof required to establish

eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility

for withholding of deportation." Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th

Cir. 2000).

Finally, we reject Shahlapour-Anisi's contention that the IJ violated her due

process rights by admitting and relying on the March 5, 1987 Order to Show Cause

because there is a presumption of regularity in the delivery of documents by a

government official. See Kohli v. Gonzales, 473 F.3d 1061, 1067–68 (9th Cir.

2007). Shahlapour-Anisi's equivocal testimony that she didn't recall whether she

was served with the Order to Show Cause fails to overcome this presumption.

**DENIED.**