**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE ISRAEL ABDIAS ROMERO-BONILLA, | Nos. 09-71311<br>09-74030 |
| Petitioner, | Agency No. A094-763-919 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

In these consolidated petitions for review, Jose Israel Abdias Romero-

Bonilla, a native and citizen of El Salvador, petitions for review of the Board of

Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for Temporary Protected Status

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("TPS"), and denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility findings. *Saval v. Holder*, 623 F.3d 666, 670 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petitions for review.

Substantial evidence supports the IJ's adverse credibility determination based on Romero-Bonilla's failure to explain adequately the discrepancy between his mother's TPS application and his testimony as to the date he entered the United States. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 815 (9th Cir. 2005). It follows that Romero-Bonilla's due process challenge to the IJ's decision fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process claim).

The BIA did not abuse its discretion in denying Romero-Bonilla's motion to reopen on the ground that he failed to establish prejudice from his former counsel's representation. *See Iturribarria*, 321 F.3d at 899-900 (prejudice results when counsel's performance may have affected the outcome of the proceedings).

In light of our disposition, we do not address Romero-Bonilla's remaining contentions.

**PETITIONS FOR REVIEW DENIED.**