

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ANTONIO LEZAMA-GARCIA,<br><br>      Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 06-74703<br><br>Agency No. A75-479-222<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2010[**]
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and SEABRIGHT,[***] District Judge.

Carlos Antonio Lezama-Garcia ("Lezama"), a native and citizen of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Nicaragua, petitions (among other grounds) for review of a decision of the Board of Immigration Appeals ("BIA") upholding a decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition as to those grounds.

Review of the BIA's decision to deny applications for asylum or withholding of deportation is for substantial evidence.  The reviewing court upholds the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).  "To reverse the BIA finding [the court] must find that the evidence not only *supports* that conclusion, but *compels* it[.]"  *Id.* at 481 n.1.

The IJ denied Lezama's asylum application, specifically finding him not credible.  He relied on major inconsistencies between Lezama's testimony and his

---

[1] In this memorandum disposition, we consider only Lezama's claims regarding asylum, withholding of removal, and CAT relief.  In a concurrently-filed opinion, we address his claims that the IJ and BIA erred in determining he was an inadmissible arriving alien who had abandoned his application for adjustment of status under Section 202 of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, 111 Stat. 2160 (Nov. 19, 1997) (codified as amended in statutory notes following 8 U.S.C. § 1255).

current and prior asylum applications. The BIA found substantial evidence in the record to support the adverse credibility finding.[2]

In this petition for review, Lezama does not challenge the adverse credibility finding. He does not argue that the record lacks substantial evidence of credibility, or that the IJ failed to give "specific, cogent reasons" for his stated disbelief. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir. 2003). And he does not argue that inconsistencies were minor, that they did not go to the heart of an asylum claim, or that he was not given a chance to explain inconsistencies. *See id.* at 660; *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007).

By failing to challenge adverse credibility, Lezama waives the claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *Quan v. Gonzales*, 428 F.3d 883, 890 (9th Cir. 2005). Accordingly, Lezama is ineligible for asylum. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 815 (9th Cir. 2005); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

---

[2] Pre-REAL ID Act standards apply. The REAL ID Act created new, or modified, standards to assess adverse credibility determinations. *See, e.g.*, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The new standards, however, apply only to applications for asylum, withholding of removal, and CAT relief made on or after May 11, 2005 (the effective date of the REAL ID Act). Lezama applied for asylum and withholding on March 9, 2005 -- before the effective date. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009) (applying pre-REAL ID Act standards because the petitioner's asylum application was filed before May 11, 2005).

3

In any event, even if Lezama did not waive a challenge to the adverse credibility finding, our review of the record indicates that substantial evidence supports the finding. The IJ gave specific, cogent reasons for disbelieving Lezama, including substantial inconsistencies in his testimony, and he was given a reasonable opportunity to explain inconsistencies. *See Mendoza Manimbao*, 329 F.3d at 661-62.

Moreover, even assuming Lezama's testimony was credible, the record does not compel the conclusion that Lezama was persecuted on account of his political opinion, or that he is unable to avail himself of the protection available in Nicaragua. *See Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000).

Because Lezama failed to establish asylum, his claim for withholding of removal necessarily fails. *See Fisher v. INS*, 79 F.3d 955, 960-61 (9th Cir. 1996) (en banc). The record also contains no evidence that could establish a claim for CAT relief. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED IN PART.**