**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JIAN MING LIU,<br><br>        Petitioner,<br><br>   v.<br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 10-70036<br><br>Agency No. A072-676-130<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2014[**]
San Francisco, California

Before: FLETCHER, and WATFORD, Circuit Judges, and DUFFY, District
Judge.[***]

Jian Ming Liu, a native and citizen of China, petitions for review of a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Liu claims that he will suffer persecution if he is removed to China because of his participation in the 1989 student protests against the Chinese government in Tiananmen Square. A review of the record indicates that the IJ did not err in denying Liu's applications for relief, and we therefore deny his petition for review.

Liu entered the United States as a non-immigrant visitor for business and was authorized to remain for a temporary period not to go beyond June 23, 1993. On August 9, 1993, Liu filed an application for asylum. On February 22, 2008, the IJ issued a decision finding Liu removable and denying his application for asylum, withholding of removal, and protection under CAT. On December 17, 2009, the BIA affirmed the IJ's finding and dismissed Liu's appeal. It should be noted that even though Liu's application for asylum was filed in 1993, his formal

immigration proceedings did not commence until 2007.[1]  This appeal followed the

BIA's dismissal of Liu's claims.

Substantial evidence supports the IJ's adverse credibility determination.  See

Cole v. Holder, 659 F.3d 762, 770 (9th Cir. 2011) ("Under the substantial evidence

standard, the court upholds the BIA's determination unless the evidence in the

record compels a contrary conclusion.").  Liu's application for asylum alleges that

he is fearful of persecution in China because of his supposed involvement in the

1989 student protests in Tiananmen Square.  Further, he claimed that the Chinese

government arrested and imprisoned him because of his involvement in the

uprising.  Liu also claimed that he was physically beaten and interrogated daily in

prison, and that when he was released, he was immediately taken into custody and

---

[1] Both the IJ and the BIA directly addressed the substantial time lapse between Liu's original application for asylum and the initial proceedings.  The BIA stated that:

> While the delay in action on the respondent's application is unfortunate, it does not constitute a violation of due process nor a basis for invalidating removal proceedings. The respondent initially filed an asylum application and he attached supporting documents to such application. Therefore, there is no indication that the respondent was unaware of the need to gather and submit corroborative evidence or supporting documentation. While the lapse in time may sufficiently explain some lack of detail, it does not sufficiently explain all of the discrepancies enumerated in the Immigration Judge's decision.

3

sentenced to one year in a labor reform camp. Liu alleged that once he was released from the labor camp, he and his family were subject to constant government surveillance, which prompted his decision to flee from China to the United States.

The IJ determined that Liu's testimony was both "inconsistent and evasive" and that Liu was "not entirely forthcoming." The IJ provided specific and overwhelming examples about why Liu was not credible, noting inconsistencies in both Liu's testimony and his handwritten declaration attached to his asylum application. For instance, Liu claimed that he was part of the student demonstrations in Tiananmen Square. However, when questioned, Liu was unable to correctly identify any leaders of the student movement, any of the individuals imprisoned alongside Liu, nor the stated goals underlying the Tiananmen Square protests. Liu contradicted himself throughout the proceedings before the IJ and constantly changed the details of his involvement in the protests, his imprisonment, and the circumstances of his internment at the Chinese labor camp. It is well-settled in this court that "[m]ajor inconsistencies on issues material to the [petitioner's] claim of persecution constitute substantial evidence supporting an adverse credibility determination." Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011) (citing Kaur v. Gonzales, 418 F.3d 1061, 1064 (9th Cir. 2005)). Such is the

4

case here.  We agree with the BIA that the inherent inconsistencies in Liu's asylum application and his subsequent testimony are not solely attributable to the time lapse between Liu's original application for asylum and the initial hearing before the IJ.   Liu's inherent contradictions in his narrative go to the heart of his asylum claim and no doubt support an adverse credibility determination.  See Kaur, 418 F.3d at 1067.  Liu had multiple opportunities to explain these inconsistencies, but he failed to do so.  Therefore, we deny Liu's petition for review on his asylum claim.

Furthermore, denials of Liu's claims for withholding of removal and CAT relief are also supported by substantial evidence.  Kasnecovic v. Gonzales, 400 F.3d 812, 813 (9th Cir. 2005).  Therefore, we deny Liu's petition for review.

**DENIED**.

---

[2]  Liu also argues that the IJ was biased against him.  Liu does not identify anything in the record to support that argument, and our review of the record confirms that Liu's argument is without merit.