

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAIFAN JIN; YINGHUA YIN, | No. 18-73422 |
| Petitioners, | Agency Nos. A098-445-266 |
| v. | A095-177-578 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and VRATIL,[***] District Judge.

Taifan Jin and Yinghua Yin, natives and citizens of China, seek review of a

decision of the Board of Immigration Appeals (BIA) affirming the decision of an

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Immigration Judge (IJ) to deny their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

The agency's adverse credibility determination as to Yin is supported by substantial evidence because her asylum application and her testimony contained material omissions and inconsistencies that went "to the heart" of her claim that she was persecuted based on her Christian faith, including inconsistencies regarding her 2001 arrest for participating in a house church. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)). Substantial evidence also supports the agency's adverse credibility determination as to Jin because his asylum application and testimony were inconsistent on the circumstances of his first arrest, which went "to the heart" of his claim that Chinese authorities persecuted him for assisting North Korean refugees. *See id.*; *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010); *see also Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Jin fails to demonstrate how "a better translation would have made a difference in the outcome of [his] hearing." *See Singh v. Ashcroft*, 367 F.3d 1139, 1144 (9th Cir. 2004) (citation omitted). Because the agency gave both Yin and Jin an opportunity to explain these inconsistencies and found their explanations implausible, substantial

2

evidence supports the agency's adverse credibility determinations. *See Rizk*, 629 F.3d at 1091. Absent Yin and Jin's credible testimony, the remaining evidence in the record is insufficient to establish eligibility for asylum and withholding of removal.

Substantial evidence also supports the agency's decision to deny Yin and Jin's claims for CAT relief because their non-credible testimony and the country conditions reports describing generalized human rights abuses in China do not compel the conclusion that Yin and Jin are more likely than not to suffer torture if removed to China. *See* 8 C.F.R. § 208.16(c)(2); *Kasnecovic v. Gonzales*, 400 F.3d 812, 815 (9th Cir. 2005).

**PETITION DENIED.**