**Andranic KANTOURIAN, Petitioner,**

v.

**MICHAEL MUKASEY,\* Attorney General of the United States, Respondent.**

No. 04–75759.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Jan. 31, 2008.

Andranic Kantourian, Glendale, CA, pro se.

Asbet A. Issakhanian, Esq., Glendale, CA, Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Katherine W. Vincent, U.S. Attorney's Office Assistant U.S. Attorney, Lafayette, LA, for Respondent.

Before: THOMPSON, WARDLAW, and IKUTA, Circuit Judges.

### MEMORANDUM \*\*

Andranic Kantourian, a native of Syria and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the IJ's adverse credibility deter-

---

\* Michael Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mination for substantial evidence, *Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005), we deny the petition for review.

■ Kantourian challenged two of the four reasons that the IJ put forward to support his adverse credibility determination. Both of Kantourian's arguments have merit. Kantourian's testimony as to whether his wife was arrested with him in April 1995 at Monument Park reveals, at most, a minor inconsistency. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003) ("minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding"). Kantourian's argument concerning the IJ's use of the State Department report is also valid. Although an IJ may consider such reports in evaluating a petitioner's credibility, they may not be used "to discredit specific testimony regarding his individual experience." *Zheng v. Ashcroft,* 397 F.3d 1139, 1143 (9th Cir.2005) (inner quotation omitted).

Kantourian, however, did not challenge, in his appeal to the BIA, two of the four reasons underpinning the IJ's adverse credibility determination, nor did he address these grounds in his brief to this court. He has therefore waived any challenge to these two grounds by failing to address them in his petition. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Moreover, even if Kantourian had challenged these two grounds, the IJ's adverse credibility finding is supported by Kantourian's testimony that he had not attended a Jehovah's Witness congregation gathering since his arrival in the United States, a period of about two years. The IJ did not err in rejecting Kantourian's explanation of the reason for his non-attendance. "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

Because Kantourian failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In his brief to this court, Kantourian did not challenge the denial of CAT relief, and therefore he has waived that claim. *See Martinez–Serrano,* 94 F.3d at 1259–60.

**PETITION FOR REVIEW DENIED.**