**Jamel ABIDI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Jamel Abidi, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

**Jamel Abidi, Petitioner,**

**v.**

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–71145, 05–71203, 05–72961.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument.    Fed.    R.App. P. 34(a)(2).

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Richard M. Evans, Sada Manickam, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Jamel Abidi, a native and citizen of Tunisia, petitions for review of the Board of Immigration Appeals' denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We deny the petition in part and dismiss in part.

■ (1) Abidi claims that the Immigration Judge[2] erred when he determined that Abidi had not filed a timely application for asylum. *See* 8 U.S.C. § 1158(a)(2)(B). We disagree. The record demonstrates that Abidi's filing was not within the required one-year period and that the lateness was not excused by changed or extraordinary circumstances. *See id.* § 1158(a)(2)(D); *Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam).

■ (2) Abidi also attacks the Immigration Judge's determination that he was not eligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A). Again, we disagree. On this record, the IJ could properly determine[3] that Abidi did not show that any harm he suffered was because of his membership in a protected group.[4] The IJ could also properly determine that Abidi did not show that he actually suffered persecution at the hands of the Tunisian government or at the hands of a group that the government could not or would not control. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005); *see also Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

■ (3) We lack jurisdiction over Abidi's CAT claim because he did not exhaust his administrative remedies by raising it before the BIA. *See* 8 U.S.C. § 1252(d)(1);

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

2. Because the BIA summarily affirmed, we review the IJ's decision. *See Kasnecovic v. Gonzales,* 400 F.3d 812, 813 (9th Cir.2005).

3. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 483–84, 112 S.Ct. 812, 815 & n. 1, 817, 117 L.Ed.2d 38 (1992); *Deloso v. Ashcroft,* 393 F.3d 858, 863 (9th Cir.2005).

4. *See* 8 U.S.C. § 1231(b)(3)(A); *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001); *see also Ochoa v. Gonzales,* 406 F.3d 1166, 1171 (9th Cir.2005); *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028–29 (9th Cir.2000).

*Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004); *Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999).

■ (4) We reject Abidi's claim that the BIA erroneously denied his motion to re-open. That motion was filed more than ninety days after the entry of the removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). We recognize that tolling of the ninety-day period is possible, but here, even with tolling, the motion came too late—it was more than ninety days after he knew, or should have known, of the alleged error by his former counsel. *See Singh v. Gonzales,* 491 F.3d 1090, 1096 (9th Cir.2007) (meeting with new counsel starts time); *Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003) (same); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1194–97 (9th Cir.2001) (en banc) (receipt of information from agency starts time).

■ (5) Finally, we reject Abidi's claim that the BIA erroneously denied his motion for reconsideration. A motion for reconsideration requires the moving party to identify legal or factual errors in the BIA's prior decision based upon the record before it at the time it made that decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Plasencia–Ayala v. Mukasey,* 516 F.3d 738, 745 (9th Cir.2008); *Ma v. Ashcroft,* 361 F.3d 553, 558 (9th Cir. 2004). It is not a vehicle for introducing new evidence. But that is how Abidi sought to use it.

Petition No. 04–71145 DISMISSED as to CAT and otherwise DENIED. Petitions No. 05–71203 and 05–72961 DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.