**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 24 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MARTINEZ SILVA, | No. 23-1431 |
| Petitioner, | Agency No. A027-008-825 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2024**
San Francisco, California

Before: OWENS, SUNG, and SANCHEZ, Circuit Judges.

Francisco Martinez Silva, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

Immigration Judge's ("IJ") decision denying his applications for cancellation of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Martinez Silva also argues that the IJ denied him a fair hearing in violation of his due process rights. We have jurisdiction under 8 U.S.C. § 1252. For the reasons below, we deny the petition.

Where the BIA reviews the IJ's decision and incorporates portions of it as its own, "we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review legal questions *de novo* and factual findings for "substantial evidence." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citations omitted). Under the substantial evidence standard, we uphold the agency's factual findings as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (citations omitted). We review allegations of due process violations *de novo*. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021).

1. The BIA correctly determined that Martinez Silva waived consideration of the IJ's denial of his application for cancellation of removal. When an applicant submits a brief to the BIA, "the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed." *Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019) (citing *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc)). The introduction to Martinez Silva's brief to

the BIA states that he appeals the IJ's decision denying, among other things, "his request for cancellation of removal." However, the brief does not list cancellation of removal as an issue presented for BIA's review and does not articulate any arguments related to cancellation of removal. Martinez Silva's reference to cancellation of removal in the introduction to his brief was insufficient to require the BIA's review. *See Alanniz*, 924 F.3d at 1069 n.8 (concluding that the petitioner had not adequately appealed an issue where he "mentioned [it] only twice in [his] brief to the BIA, in the introduction and in the conclusion"). Because Martinez Silva did not exhaust the issue before the BIA, he has forfeited our review. *See* 8 U.S.C. § 1252(d)(1).

2. Substantial evidence supports the conclusion that Martinez Silva is not eligible for asylum.[1] To be eligible for asylum, a petitioner must demonstrate past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C.

---

[1] The IJ concluded that Martinez Silva's asylum application was untimely and, in the alternative, that he was ineligible for asylum. Because the IJ ultimately decided Martinez Silva's asylum application on the merits, we need not review the IJ's determination as to the timeliness of the application. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 814–15 (9th Cir. 2005); *see also I.N.S. v. Bagamasbad,* 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, we do not reach the government's arguments regarding the reviewability of this determination.

§ 1101(a)(42)(A)). The only death threat that Martinez Silva received from cattle thieves as a child does not rise to the level of persecution. *See id*. at 1060 ("Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment.") (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). And although a family can be a cognizable group for the purposes of asylum, *see Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), the record does not compel the conclusion that Martinez Silva's relatives were targeted *because of* their family identity. Martinez Silva testified that he did not know why his sister was kidnapped, or why perpetrators called his mother to demand ransom payments for false kidnappings, but that he assumed the perpetrators just wanted more money.

3. Although the nexus requirement is "less demanding" for withholding of removal claims than for asylum claims, *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), for the reasons above, substantial evidence supports the conclusion that Martinez Silva failed to meet this lower standard. *See* 8 U.S.C. § 1231(b)(3)(C).

4. Substantial evidence also supports the conclusion that Martinez Silva is not eligible for CAT protection. Martinez Silva failed to establish that he experienced past torture, or that it was "more likely than not" he "would be tortured in Mexico by, or with the consent or acquiescence of, a public official" or

4

"person acting in an official capacity." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quotations omitted). Generalized evidence of crime in Mexico does not compel a contrary conclusion. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

5. Finally, Martinez Silva has failed to establish due process violations. The agency's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the petitioner was "prevented from reasonably presenting his case," and (2) the petitioner demonstrates prejudice, meaning that "the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006).

First, the IJ did not prevent Martinez Silva's counsel from conducting direct or redirect examination during the hearing. It is true that the IJ conducted Martinez Silva's direct examination, as authorized by law. *See* 8 U.S.C. § 1229a(b)(1). But after concluding this examination, the IJ asked "Is there something I didn't cover, counsel?" and counsel responded "No, Your Honor. I think you covered everything."  The record therefore reflects that the IJ gave counsel the opportunity to elicit further testimony, and counsel declined.

Second, Martinez Silva fails to establish that he was prejudiced by the IJ's exclusion of testimony from his partner's child. While the IJ denied Martinez Silva's cancellation of removal application solely on the grounds that he had not

5

established the requisite hardship to qualifying relatives, Martinez Silva's partner's child is not a qualifying relative and could not have testified to the hardship issue. *See* 8 U.S.C. § 1229b(b)(1)(D).

Likewise, even assuming the IJ erred by excluding telephonic testimony from Martinez Silva's mother and sister—and assuming that Martinez Silva did not forfeit the issue by failing to adequately raise it during the hearing or in his brief to the BIA—he has not established that the exclusion was prejudicial. Although we may infer prejudice even absent allegations as to what a witness might have said if permitted to testify, *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005), an inference is not supported in this case. Here, the IJ credited Martinez Silva's testimony regarding his sister's kidnapping and the phone calls to his mother. There is nothing in the record to suggest that Martinez Silva's sister or mother could have provided new information to indicate that these events represented family-based persecution rather than general criminal activity.

Last, the IJ did not violate Martinez Silva's due process rights by allowing the government to introduce late-filed impeachment evidence over his counsel's objection. Notwithstanding this evidence, the IJ ultimately determined that Martinez Silva was credible and gave full weight to his testimony. Further, Martinez Silva's counsel turned down the opportunity to present additional

evidence at the end of the hearing, foreclosing the argument that he was prejudiced because the IJ "took up valuable time" discussing the report during the hearing.

**PETITION DENIED.**