NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS ORTIZ-ESQUIVEL,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-3429<br><br>Agency No.<br>A206-273-199<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Petitioner Jose Luis Ortiz-Esquivel ("Esquivel"), a native and citizen of

Mexico, seeks review of a Board of Immigration Appeals ("BIA") decision

affirming a decision by an Immigration Judge ("IJ") denying Esquivel's claims for

asylum, withholding of removal, and Convention Against Torture ("CAT")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard to the agency's findings of fact.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  Under this standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B) (emphasis added).  We review questions of law de novo.  *Ruiz-Colmenares*, 25 F.4th at 748.  Where, as here, "the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions."  *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (citation omitted).

1.  Esquivel's asylum and withholding of removal applications fail because substantial evidence supports the BIA's conclusion that Esquivel did not show that he was or will likely be persecuted on account of a protected ground if returned to Mexico.[1]  Substantial evidence in the record supports the agency's conclusion that

---

[1] The agency concluded that Esquivel's asylum application was untimely and, in the alternative, that he was ineligible for asylum.  Because the agency ultimately decided Esquivel's asylum application on the merits, we need not review its determination as to the timeliness of the application.  *See Kasnecovic v. Gonzales*, 400 F.3d 812, 814–15 (9th Cir. 2005); *see also I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  So we do not reach the government's arguments regarding the reviewability of this determination.

the cartels that extorted Esquivel were motivated only by financial gain. Such extortion "bears no nexus to a protected ground." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020–21 (9th Cir. 2023) (quoting *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)). Because Esquivel cannot meet either the "more demanding standard" to show nexus for asylum or the "lighter standard" for withholding, *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), the BIA's conclusion that Esquivel did not show a nexus to any past or future harm is dispositive of his claims for both asylum and withholding of removal, *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Rodriguez-Zuniga*, 69 F.4th at 1018.

2. Substantial evidence also supports the agency's denial of Esquivel's CAT claim. Esquivel did not provide evidence that the cartels, or anyone else, have continued to look for or threaten him, nor did he provide any evidence that he would be specifically targeted for torture if he returned to Mexico. The record therefore does not compel the conclusion that Esquivel will more likely than not be tortured if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for a stay of removal (Dkt. No. 5) is otherwise denied.

23-3429